UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PATRICK COSTON                                    CIVIL ACTION

VERSUS                                            NUMBER: 12-1517

N. BURL CAIN                                      SECTION: "J"(5)

                       **REPORT AND RECOMMENDATION**

     Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Patrick Coston, and the State's response thereto.  (Rec. docs. 3, 4).  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Coston's petition be dismissed with prejudice.

     Petitioner Coston is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On July 10, 1996, Coston was found guilty of one count of armed robbery and one count of attempted armed robbery after trial, by jury, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.  (St. ct. rec., vol.

2, pp. 6-7; vol. 3, pp. 258-259).[1]/  On August 23, 1996, Coston was sentenced to consecutive terms of ninety-nine and forty-eight and one-half years as to the two counts, with said sentences to be served without benefit of parole, probation, or suspension of sentence.  (St. ct. rec., vol. 2, p. 8; vol. 3, pp. 269-270).  Immediately following imposition of sentence, the State filed a bill of information accusing Coston of being a multiple offender under LSA-R.S. 15:529.1.  (St. ct. rec., vol. 2, pp. 8, 51; vol. 3, pp. 270-271).  Following a hearing on October 18, 1996, Coston was adjudicated a multiple offender as charged whereupon his ninety-nine year sentence was vacated and he was sentenced to one hundred ninety-eight years to be served consecutively to the sentence on the attempted armed robbery conviction.  (St. ct. rec., vol. 2, p. 8B; vol. 3, pp. 289-290).

　　　Through counsel, Coston directly appealed his conviction, asserting three separate assignments of error.  (St. ct. rec., vol. 3, tab. 13).  On May 14, 1997, the Louisiana Fifth Circuit Court of Appeal affirmed Coston's conviction and sentences but remanded the matter to the trial court with instructions to clarify that the sentence on the attempted armed robbery conviction was forty-eight

---

　　　[1]/ According to the minutes from trial the jury deliberated for all of sixty-seven minutes before returning its unanimous guilty verdict as to both counts.  (St. ct. rec., vol. 2, p. 7; vol. 3, p. 259).

2

and one-half years and to give Coston credit for time served. State v. Coston, 694 So.2d 1248 (La. App. 5th Cir. 1997)(table). (St. ct. rec., vol. 1, tab 4). Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Coston had thirty days from May 14, 1997 within which to timely seek writs from that tribunal. Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000). Because that thirtieth day, June 14, 1997, fell on a Saturday, Coston had until the following Monday, June 16, 2007, to timely file his writ application with the Louisiana Supreme Court. See LSA-C. Cr. P. Art. 13; LSA-R.S. 1:55(A)(1). Coston's counsel did so but the Louisiana Supreme Court denied his writ application on November 21, 1997. State v. Coston, 703 So.2d 1305 (La. 1997). (St. ct. rec., vol. 1, tab 3). Coston's conviction became final ninety days later, or February 20, 1998, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

On October 25, 2000, over two years and eight months after his conviction had become final, Coston signed and dated an application for post-conviction relief that was received by the trial court on November 3, 2000 and was ultimately denied by that tribunal on November 8, 2000. (St. ct. rec., vol. 1, tab 6; vol. 5, tab 15, ex. A; vol. 1, tab 5). A recitation of the remainder of the

proceedings that were initiated by Coston in the state court system is unnecessary to resolve the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Coston have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that his conviction became final on February 20, 1998, Coston had no challenges to his conviction pending before the state courts until he signed his application for post-conviction relief on October 25, 2000, approximately two years and eight months later.  By that time, the §2244(d) limitation period had already run its course, making his present petition untimely.  That being the case, and because no facts have been presented warranting the application of equitable tolling, a doctrine that applies in rare

and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000), it will be recommended that Coston's petition be dismissed with prejudice.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Patrick Coston be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this <u>11th</u> day of <u>       June       </u>, 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE
